**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| William W. McLees, | ) | |
| | ) | Case No. 4:09-cv-025 |
| Defendant. | ) | |

The plaintiff, Mitchell David Holbach (Holbach), is an inmate at the James River Correctional Center (JRCC). He initiated the above-entitled action by complaint on May 22, 2009, asserting claims against Judge William W. McLees in his official and individual capacities. This matter is now before the court the court for an initial review as mandated by 28 U.S.C. § 1915A.

**I.   BACKGROUND**

Excluding the case at bar, Holbach has field with this court two complaints pursuant to 42 U.S.C. § 1983[1] as well as three petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254.[2]

The case at bar appears to arise out of the denial of Holbach's petition for a disorderly conduct retraining order by the defendant, state district court judge, the Honorable William W. McLees. According to Holbach, he petitioned the state district court in September 2006 for the issuance of a disorderly conduct restraining order against Dixon. Judge McLees convened a hearing at which Dixon appeared via video along with her attorney, Richard LeMay. Holbach and Dixon

---

[1] Holbach v. Murphy, 4:08-cv-074; and Holbach v. Jenkins, 4:09-cv-026.

[2] Holbach v. Nelson, et. al., Case No. 4:07-cv-063; Holbach v. North Dakota, et. al., Case No. 3:09-cv-020; and Holbach v. Redmann, Case No. 3:09-cv-023.

1

both testified.  Judge McLees did not allow Holbach to cross examine or otherwise impeach Dixon, hower.  And he dismissed Holbach's petition at the close of Dixon's testimony.

Holbach contends that his Fourteenth Amendment rights were violated to the extent that he was denied an opportunity to cross examine Dixon.  He further contends that Judge McLees was neither fair nor impartial and, by showing favoritism to Dixon, violated both Article VI of the State Constitutional and Cannons of Judicial Conduct.[3]  He seeks a total of $500,000 in damages.

## II. STANDARDS GOVERNING INITIAL REVIEW

Congress enacted the  Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit.  Jones v. Bock, __ U.S. __,127 S.Ct. 910, 914 (2007); Woodford v. Ngo, __ U.S.__, 126 S.Ct. 2378, 2382 (2006).  One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit.  28 U.S.C. § 1915A.  In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  Id.

In enacting the PLRA, Congress chose not to impose a heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirements. Jones v. Bock, __ U.S. __,127 S.Ct. 910, 919 (2007).  Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed. R. Civ. P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[3] Holbach also makes oblique references to the validity of his underlying criminal proceedings as well as an order for his involuntary commitment apparently issued by Judge McLees on January 23, 2006.

Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2202 (2007) (per curiam).  In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would be required of attorneys.  E.g., Erickson v. Pardus, 127 S.Ct. at 2202.  The court may not dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); see also Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988).

Nevertheless, even though the pleading requirements are minimal and complaints are to be liberally construed, this does not mean the court must accept anything and everything that is filed by a *pro se* prisoner.  In enacting the screening requirement, Congress expected it to be more than a ritualistic exercise and that the courts would be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious.

"A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.  And, in terms of whether there is an arguable basis in fact, the court may disregard any factual allegations that are clearly fanciful, fantastic, or delusional.  See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992); Edwards v. Snyder, 478 F.3d 827, 229-830 (7th Cir. 2007) (discussing the difference between factual and legal frivolousness).

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement

to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965 n.3 (2007). At the very least, even *pro se* prisoners must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964). In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983, this means a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to state a cognizable claim. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157-158 (8th Cir. 1997). Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990); Martin v. Sargent, 780 F.2d 1334, 1337-39 (8th Cir.1985). Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).[4]

---

[4] In Edwards v. Snyder, the Seventh Circuit stated the following:

Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the

**III.    DISCUSSION**

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994); see also Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986) ("[J]udicial immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). As the Eighth Circuit has explained, "[t]his absolute immunity from suit allows judges to fulfill their duties without concern for their own fortunes, which helps to ensure that their duties will be performed impartially and completely." See Howell v. Hofbauer, 123 F. Supp. 2d 1178, 1180 (N.D. Iowa 2000) (quoting Duffy v. Wolle, 123 F.3d 1026, 1034 (8th Cir. 1997)).

Judicial immunity is an immunity from suit, not just the ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9, 10 (1981). It cannot be overcome by allegations of bath faith or malice. Id.; see also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly"); Harlow v. Fitzgerald, 457 U.S. 800, 815-19, (1982) (opining that allegations of malice are insufficient to overcome qualified immunity).

There are only two circumstances under which judicial immunity may be overcome, neither of which are apparent in the case at bar. First, a judge is not immune from liability for nonjudicial actions, that is, actions not taken in the judge's official capacity. See Mirales v. Waco, 502 U.S. 9, 9-12 (adding that an action is judicial in nature if "it is a function normally performed by a judge and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial

---

plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir.2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir.2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery. See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

478 F3d at 830.

capacity."). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. See id.; see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1998) ("A judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in 'clear absence of all jurisdiction.'").

Judge McLees's actions as alleged by Holbach were clearly judicial in nature; they involved functions normally performed by a judge, occurred in a courtroom, and addressed an issue pending before the court. See Malina v. Gonzalez, 994 F.2d 1121, 1124 (5th Cir. 1993) (considering four factors when assessing whether an action was "judicial in nature"). An Holbach presumably does not have any issue with the state court's jurisdiction as it appears he initiated the underlying proceeding about which he now complains. His claims are therefore subject to dismissal.

Holbach's efforts to sidestep the doctrine of judicial immunity by asserting claims against Judge McLees in his individual capacity are unavailing. See O'Connor v. Young, No. 3:06CV331, 2006 WL 1720700 at *1 (E.D. Va. June 22, 2006). As Judge McLees performed the actions at issue in his judicial capacity, his immunity from suit is absolute. See id.; see also Myers v. Cholakis, No. 8:08-cv-126, 2008 WL 5147042 at *1 (N.D.N.Y. Dec. 5, 2008).

## IV. CONCLUSIONS AND RECOMMENDATIONS

Holbach's claims against Judge McLees do not raise any exception to judicial immunity. Accordingly, the undersigned **RECOMMENDS** that the above-entitled action be **DISMISSED** pursuant to the authority granted by 28 U.S.C. § 1915A(b).

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation

within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 1st day of June, 2009.

<u>/s/ Charles S. Miller, Jr.</u>
Charles S. Miller, Jr.
United States Magistrate Judge