**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Mitchell David Holbach, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>William W. McLees, )<br>)<br>Defendant. )<br>_____ | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:09-cv-025 |

On May 22, 2009, the plaintiff, Mitchell David Holbach, filed a PLRA packet and an application to proceed *in forma pauperis*. See Docket Nos. 1 and 2. On June 1, 2009, Holbach filed a pro se complaint pursuant to 42 U.S.C. § 1983. See Docket No. 7. Holbach's complaint arises out of the denial of his state court petition for a disorderly conduct restraining order by North Dakota state district court judge, the Honorable William W. McLees.

In September 2006, Holbach petitioned the District Court of Ward County for a disorderly conduct restraining order against Joy Dixon. Judge McLees held a hearing on the matter, where Holbach appeared without counsel and Dixon appeared via video along with her attorney, Richard LeMay. Judge McLees dismissed Holbach's petition at the close of Dixon's testimony. Holbach contends that Judge McLees violated his Fourteenth Amendment rights to the United States Constitution by failing to allow Holbach to cross-examine Dixon. Holbach contends that Judge McLees showed favoritism to Dixon at the hearing in violation of both Article VI of the North Dakota Constitution and the North Dakota Code of Judicial Conduct.

Magistrate Judge Charles S. Miller, Jr. conducted a review of the record and relevant case law and submitted a Report and Recommendation on June 1, 2009. See Docket No. 8. Judge Miller found that Holbach's allegations against Judge McLees are barred by the doctrine of judicial

immunity. Judge Miller recommended that Holbach's complaint be dismissed without prejudice. Holbach was given ten (10) days to file an objection to the Report and Recommendation. Holbach filed an objection on June 5, 2009. See Docket No. 11.

Holbach argues that Judge McLees was bound to disqualify himself from hearing the merits of Holbach's petition for a disorderly conduct restraining order because Judge McLees had engaged in ex parte communications with Dixon's attorney, law enforcement officers, Minot probation and parole officers, the Ward County Sheriff's Department, Minot State University employees, and domestic violence advocacy centers:

> Judge William McLees presided at hearing on Plaintiff Holbach's PETITION FOR DISORDERLY CONDUCT RESTRAINING ORDER, on September 18, 2006. See: HOLBACH v. DIXON, Ward County Civil Case Number 51-06-C-1207.
>
> Prior to the hearing Judge William W. McLees had ex-parte communications with unidentified domestic violence advocates from the Domestic Violence Crisis Center of Minot and/or the North Dakota Council for Abused Womens Services pursuant to:
>
> See: North Dakota Supreme Court Administrative Rule 34: THE ROLE OF DOMESTIC VIOLENCE ADVOCATES IN COURT PROCEEDINGS: Section 1; Statement of Policy, "Pursuant to the authority of the Supreme Court in Section 3 of Article VI, North Dakota Constitution, and sections 27-02-07 and 27-02-08, N.D.C.C., it is the policy of the Supreme Court of North Dakota to provide opportunity for appropriate services to persons who are alleged victims of domestic violence in proceedings in the trial courts of North Dakota ." Id.
>
> . . .
>
> William W. McLees is the Presiding Judge of the Northwest Judicial District, State of North Dakota. As part of his official duties, he sets the case roster assignments for the Northwest district judges. He amended the case assignment scheduling roster so he would preside over Holbach's petition for a DISORDERLY CONDUCT RESTRAINING ORDER hearing.
>
> . . .

> Wherefore, between Monday, September 11, 2006, the date HOLBACH filed his petition for issuance of a DISORDERLY CONDUCT RESTRAINING ORDER and Monday, September 18, 2006, the date of hearing, William W. McLees, Richard Hager, Richard LeMay, Legal Services of North Dakota, Minot Domestic Violence Crisis Center Domestic Violence advocates, the North Dakota Council for Abused Womens Services, advocates City of Minot Police Detective Dan Strandberg (Chairman – Minot Domestic Violence Crisis Center Board of Directors), also Detective Nancy Murphy (Public Affairs and relations officer on Domestic Violence for the City of Minot), Minot State University Officials David Fuller, Richard Jenkins, and Gary Rabe, North Dakota Department of Probation and Parole officer Kristean Plessas, and the Ward County Sheriff's Department officials and employees, conducted and engaged in ex-parte communications to conspire to cause the wrongful arrest and incarceration of HOLBACH in retaliation and with reprisal for HOLBACH's exercising his Constitutionally protected rights.
>
> . . .
>
> William W. McLees did knowingly, willfully and deliberately violate HOLBACH's Constitutional Rights of due process and equal protection.  14th Amendment, United States Constitution.

See Docket No. 11 (emphasis and errors in original).  In addition, Holbach requests "the Court appropriate funds to help me cover postage costs" for litigating the case.  See Docket No. 11.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record and finds the Report and Recommendation to be persuasive.  "Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction.'"  Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997) (quoting Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994)).  "A victim of disorderly conduct may petition a trial court for a disorderly conduct restraining order in the manner provided under N.D.C.C. § 12.1-31.2-01."  Baker v. Mayer, 680 N.W.2d 261, 263 (N.D. 2004).  Pursuant to N.D.C.C. § 12.1-31.2-01(4), a state district court may issue a temporary disorderly conduct restraining order pending a full hearing if the petition alleges reasonable grounds to believe that an individual has engaged in disorderly conduct.  The state district court may issue

a disorderly conduct restraining order following a hearing where the court has found reasonable grounds to believe the respondent has engaged in disorderly conduct.  N.D.C.C. § 12.1-31.2-01(5).

The Court finds that a state district court judge has jurisdiction to consider the merits of a petition for a disorderly conduct restraining order, and that such actions are performed in a judge's official capacity.  The Court finds that Judge McLees's actions are protected by the doctrine of judicial immunity.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 8) in its entirety and **DISMISSES WITHOUT PREJUDICE** Holbach's complaint (Docket No. 7).  The Court denies Holbach's request for costs related to litigating the case.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2009.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court